SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Civil Action No. 98-CV-591(S)** |
| **Plaintiff,** | |
| v. | **UNITED STATES' MOTION TO ENTER CONSENT DECREE** |
| **DOMENIC LOMBARDI REALTY, INC.** | |
| **Defendant.** | |

Plaintiff United States of America ("United States") respectfully moves for entry of a Consent Decree between the United States and Defendant Domenic Lombardi Realty, Inc. ("Lombardi"). The Decree resolves the United States' claims against Lombardi for the recovery of environmental response costs, incurred in connection with the removal of hazardous substances by the United States Environmental Protection Agency ("EPA") from the Robin Hollow Road Superfund Site, located at 461 Robin Hollow Road, West Greenwich, Rhode Island ("Site"), pursuant to Section 107(a) of the Comprehensive Environmental Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).

Under the proposed Consent Decree, Lombardi is required to reimburse the United States' response costs in the amount of $650,000, to be paid in two installments, without interest: $400,000 due within 30 days after entry of the Consent Decree and $250,000 due within 6 months after entry. In addition, Lombardi provides standard covenants not to sue or assert certain claims and covenants not to appeal, or otherwise challenge, any order of the Court in this action. In return, the United States covenants not to sue or to take administrative action against Lombardi pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover past response

costs. Lombardi will also receive protection from third-party contribution actions pursuant to Section 113(f) of CERCLA.

The Decree was executed in good faith and at arms length by both parties and, on March 1, 2005, was lodged with the Court. On March 16, 2005, notice of lodging was published in the Federal Register, 70 Fed. Reg. 12,898, triggering the commencement of a 30-day public comment period. No comments were received.

For the reasons discussed in the accompanying memorandum, the Decree is fair, reasonable, consistent with the goals of CERCLA, and otherwise in the public interest. Therefore, the United States respectfully requests that the Court sign and enter the Consent Decree as a final judgment. Lombardi does not oppose this request.

Respectfully submitted,

Dated: June 7, 2005

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

By: ______________________
DAVID L. WEIGERT
THOMAS J. BOER
DAVID L. GORDON
United States Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-0133
fax (202) 616-2427

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
fax (401) 709-5017

OF COUNSEL:

Peter DeCambre
Senior Enforcement Counsel
USEPA New England
One Congress Street
Suite 1100 (SES)
Boston, MA 02114
(617) 918-1890
cell (617) 669-6993

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Civil Action No. 98-CV-591(S)** |
| **v.** | |
| **DOMENIC LOMBARDI REALTY, INC.** | |
| **Defendant.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2005, I caused to be served the UNITED STATES' MOTION TO ENTER CONSENT DECREE and supporting MEMORANDUM, by first-class mail, postage prepaid, upon the following:

Richard E. Gardiner, Esq.
10560 Main Street
Suite 404
Fairfax, VA 22030
(703) 352-7276

DAVID L. WEIGERT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** v. **DOMENIC LOMBARDI REALTY, INC.** **Defendant.** | **Civil Action No. 98-CV-591(S)** **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO ENTER CONSENT DECREE** |

## I. INTRODUCTION

Plaintiff United States of America ("United States") respectfully submits this memorandum in support of its motion to enter a consent decree ("Consent Decree") resolving the above-captioned action in its entirety and avoiding any appeal by Defendant Domenic Lombardi Realty, Inc. ("Lombardi"). The proposed Consent Decree was executed in good faith and at arms length by both parties and, on March 1, 2005, was lodged with the Court. On March 16, 2005, notice of lodging was published in the Federal Register, 70 Fed. Reg. 12,898, triggering the commencement of a 30-day public comment period, pursuant to Section 122(d)(2) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7 (1993). No comments were submitted.

The Consent Decree is fair, reasonable, consistent with the goals of CERCLA, and otherwise in the public interest, for the reasons discussed below. Therefore, the United States respectfully requests that the Court sign and enter the Consent Decree as a final judgment. By its signature on the Decree, Defendant does not oppose entry.

## II. FACTUAL BACKGROUND

### A. Site Background and Procedural History

The Site consists of approximately 31 acres of residential property located at 461 Robin Hollow Road, West Greenwich, Rhode Island, adjacent to several other residential properties. In 1995, the United States Environmental Protection Agency ("EPA') performed an environmental removal action which included the excavation and proper disposal of soil contaminated with PCBs. After a trial in April and May 2003, this Court ruled that Lombardi, the present owner of the Site, was liable pursuant to Section 107(a) of CERCLA for response costs incurred by EPA at the Site.

The Court awarded response costs totaling $579,472.97, the amount calculated in pre-trial submissions (through September 2002), plus unspecified prejudgment interest. The decision ordered the United States to file updated calculations of response costs, including "reasonable attorney fees," plus prejudgment interest.

On November 24, 2003, the United States filed a Submission in Response to Court's Decision and Order ("Cost Submission"). The Cost Submission explained that the standard for recovery of enforcement costs is not "reasonableness," as under private fee-shifting statutes and under the erroneously decided United States v. Chapman, 146 F.3d 1166 (9th Cir. 1998), but rather "all costs of removal or remedial action incurred by the United States . . . not inconsistent with the national contingency plan," pursuant to Section 107(a)(1)-(4)(A) of CERCLA, of which enforcement costs are a subset, pursuant to Section 101(25) (providing "removal" includes "enforcement activities related thereto"). Applying that standard, the Cost Submission included an updated response cost calculation of $1,083,346.56, including the $579,472.97 already awarded, plus $503,873.59 in pre-trial, trial and post-trial enforcement costs, and a compound prejudgment interest calculation of $111,632.26, for a total of $1,194,978.82. Lombardi challenged those figures on various grounds.

On August 16, 2004, the Court issued an order holding that the United States was entitled to the full amount of its "attorney's fees." In the order, the Court declined to adopt the "reasonableness" standard set forth in Chapman. Instead, the Court concluded "CERCLA contains no statutory language limiting recovery to 'reasonable' fees or costs, and this Court declines to read that requirement into the text of the statute" (citations omitted). The order awarded $579,472.97 in response costs incurred through September 2002, but did not award the $503,873.59 in subsequent costs, or the $111,632.26 in prejudgment interest, requested in the Cost Submission.

On August 30, 2004, the United States filed a "Motion for Clarification and for Limited Stay," expressing concern that the Court may have overlooked the United States' Cost Submission, notifying the Court of the parties' tentative settlement, and requesting a stay pending finalization of a settlement. On November 4, 2004, the Court issued an "Amended Decision and Order," granting the Motion for Clarification. United States v. Domenic Lombardi Realty, Inc., No. 98-591S, slip op. (D.R.I. Nov. 4, 2004). The decision amended the Court's August 16, 2004 Order by deleting the finding that "the United States never provided an itemized list of attorney's fees as it was ordered" and an associated footnote. Lombardi, 334 F. Supp. 2d at 108 & n.3. In addition, the Court found that "[j]udgment should have entered for the United States in the amount of $1,194,978.82," including "this Court's original award of $579,472.97 in response costs, plus $503,873.59 in additional response costs and $111,632.26 in total prejudgment interest." However, in light of the United States' notice of tentative settlement and request for stay, the Court stopped short of actually altering its judgment.

Shortly after the Court issued its August 16, 2004 Order, the United States re-initiated settlement discussions. Those discussions resulted in a settlement in principle after the United States filed its Motion for Clarification, but before the Court's November 4, 2004 ruling thereon. That settlement is memorialized in the proposed Consent Decree, described below.

## B. The Proposed Settlement

Under the proposed Consent Decree, Lombardi is required to reimburse the United States' response costs in the amount of $650,000, to be paid in two installments, without interest: $400,000 due within 30 days after entry of the Consent Decree, CD ¶ 4, and $250,000 due within 6 months after entry, Id. The total settlement amount represents 94% of $688,472.97 in response costs actually awarded by the Court ($579,472.97), plus prejudgment interest (approximately $109,000) calculated through March 2003, the cut-off date for the awarded response costs. It also represents 55% of $1,194,979 in total response costs and prejudgment interest recognized – but not actually awarded in full – by the Court in its November 4, 2004 Order.

In addition, Lombardi provides the standard covenants not to sue or assert certain claims: (1) any claim for reimbursement based on Sections 106(b)(2), 107, 111, 112 or 113 of CERCLA; (2) any claim arising out of response actions at the Site for which Past Response Costs were incurred, including any claims under the United States or State Constitutions, the Tucker Act, 28 U.S.C. § 1491, or the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; and (3) any claim pursuant to Section 107 or 113 of CERCLA relating to Past Response Costs. CD ¶ 15. Finally, in the Decree, Lombardi covenants not to appeal, or otherwise challenge, any order of the Court in this action, including the decisions referenced above.

In return, the United States covenants not to sue or to take administrative action against Lombardi pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs, defined as all costs, including but not limited to direct and indirect costs, that EPA or DOJ has paid at or in connection with the Site through the date of lodging of this Consent Decree, plus interest. CD ¶¶ 3(j), 12. Such covenant will take effect upon receipt by EPA of all payments required under the Decree (including past costs and any stipulated penalties owed for failure to comply) and is conditioned upon the satisfactory performance by Lombardi of its obligations under the Decree. Id. ¶ 12. The United States' covenant is conditioned on certain

standard reservations of rights with respect to matters not addressed in the Decree, including, *inter alia*, criminal liability and liability for natural resource damages. CD ¶ 13. In addition, the United States reserves its right to create and maintain liens on Lombardi's properties, pursuant to 28 U.S.C. § 3201 and Section 107(l) of CERCLA, unless and until Lombardi complies with all payment provisions of the Consent Decree. CD ¶ 14. In the event that Lombardi fails to fully and timely comply with the Decree's payment provisions, the United States "may immediately seek to collect the unpaid balance . . . through foreclosure of such liens or any other lawful means." Id. Lombardi will also receive protection from third-party contribution actions pursuant to Section 113(f) of CERCLA. CD ¶19.

The Consent Decree requires Lombardi to pay stipulated penalties for noncompliance with its payment provisions, in the amount of $500 per violation per day through the 14th violation and $1,000 per violation per day thereafter. CD ¶ 8.

## III. DISCUSSION

### A. Standard of Review

There is a "clear policy in favor of encouraging settlements . . . particularly in an area where voluntary compliance by the parties . . . will contribute significantly toward ultimate achievement of statutory goals." Patterson v. Newspaper & Mail Deliverers' Union of New York, 514 F.2d 767, 771 (2d Cir. 1975).

> Congress sought through CERCLA to encourage prompt and effective responses to hazardous waste releases and to impose liability on responsible parties . . ., and also aimed to encourage settlements that would reduce the inefficient expenditure of public funds on lengthy litigation.

In re Cuyahoga Equipment Corp., 980 F.2d 110, 119 (2d Cir. 1992) (citations omitted).

The law favoring settlements "has particular force where, as here, a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement." United States v. Cannon Engineering Corp., 899 F.2d 79, 84 (1st Cir.

1990) (citation omitted). The policy favoring settlement "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of [EPA]." Cannon, 720 F. Supp. 1027, 1035 (D. Mass. 1989), aff'd Cannon, 899 F.2d 79; see B.F. Goodrich v. Betkoski, 99 F.3d 505, 527 (2d Cir. 1996) ("the usual federal policy favoring settlements is even stronger in the CERCLA context").

The standard of review for consent decrees negotiated by the Government is highly deferential. See Sam Fox Publishing Co. v. United States, 366 U.S. 683, 689 (1961) (absent malfeasance or bad faith, courts are not to "assess the wisdom of the Government's judgment in negotiating and accepting . . . [a] consent decree"); Cannons, 899 F.2d at 84 (district court "must refrain from second-guessing the Executive Branch"); United States v. Davis, 261 F.3d 1, 21 (1st Cir. 2001) ("Considerable deference" is owed CERCLA consent decrees to which government is party). A court may approve or reject, but not modify, a proposed consent decree. Cannons, 720 F. Supp. at 1036.

In determining whether to approve a consent decree, a court must determine whether it is fair, procedurally and substantively, reasonable and consistent with the purpose and intent of CERCLA. Davis, 261 F.3d at 23-28; see Cannons, 899 F.2d at 84 ("The relevant standard, after all, is not whether the settlement is one which the court itself might have fashioned, or considers ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute.") (citation omitted). For the reasons discussed below, the proposed Consent Decree is fair, reasonable, and faithful to the objectives of CERCLA.

### B. The Proposed Consent Decree is Fair, Reasonable and Consistent with CERCLA, and Therefore Should be Signed and Entered

#### 1. The Proposed Consent Decree is Fair Procedurally and Substantively

Courts determine the fairness of a CERCLA settlement along both procedural and substantive dimensions. Davis, 261 F.3d at 23; Cannons, 899 F.2d at 86. In determining procedural fairness, "a court should ordinarily look to the negotiation process and attempt to

gauge its candor, openness, and bargaining balance." Davis, 261 F.3d at 23 (quoting Cannons, 899 F.2d at 86). Substantive fairness "introduces into the equation concepts of corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." Cannons, 899 F.2d at 87. In determining substantive fairness, courts consider the equity of the settlement in relation to the risks of litigation and whether the terms of the settlement are "*roughly* correlated with some acceptable measure of comparative fault" and liability of the settling parties. United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1089 (1st Cir. 1994) (emphasis in original); Davis, 261 F.3d at 24; Cannons, 899 F.2d at 86-88; United States v. DiBiase, 45 F.3d 541, 545 (1st Cir. 1995). "As long as the data the EPA uses to apportion liability for purposes of a consent decree falls along the broad spectrum of plausible approximations, judicial intrusion is unwarranted . . . . Having selected a reasonable method of weighing comparative fault, the agency need not show that it is the best, or even the fairest, of all conceivable methods." Davis, 261 F.3d at 24 (quoting Cannons, 899 F.2d at 88). "A finding of procedural fairness may also be an acceptable proxy for substantive fairness, when other circumstantial indicia of fairness are present." Davis, 261 F.3d at 23 (citing Charles George, 34 F.3d at 1089). In this case, no one has challenged either the procedural or the substantive fairness of the proposed Consent Decree.

The proposed Consent Decree is procedurally fair. The Consent Decree results from arms length, well-informed negotiations among sophisticated counsel who represented the interests of both parties zealously and in good faith. Counsel for both parties engaged in settlement negotiations and litigated this case to trial.

After the Court issued its post-trial decisions on liability and costs, the parties resumed negotiations and reached a settlement in principle and memorialized their agreements in the proposed Consent Decree. The Decree, which contain all terms of the negotiated agreement, was lodged with this Court. A notice of lodging was published in the Federal Register, as described

above, triggering a 30-day public comment period, pursuant to Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The comment period has closed and the United States received no comments on or oppositions to entry of the proposed Decree.

The proposed Consent Decree is also substantively fair. As the Court held in its post-trial decisions, Lombardi is liable as an owner of the Site, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and the company is ineligible for the innocent landowner defense, pursuant to Sections 101(35) and 107(b)(3) of CERCLA, 42 U.S.C. §§ 9601(35), 9607(b)(3). As stated above, the United States will recover $650,000 – $70,000 more than the Court awarded in its August 16, 2004 order. Considering Lombardi's liability and the absence of other potentially responsible parties at the Site, the proposed settlement is substantively fair.

### 2. The Proposed Consent Decree is Reasonable

In assessing reasonableness, courts consider several factors, including without limitation: (1) the effectiveness of the decree as a vehicle for cleansing the environment; (2) providing satisfactory public compensation for actual (and anticipated) costs incurred in connection with the cleanup of hazardous substances; and (3) accounting for the relative strength of the parties' litigating positions and foreseeable risks of loss. Davis, 261 F.3d at 26 (citing Cannons, 899 F.2d at 89-90). In making these assessments, "a court must once again allow for the agency's lack of 'mathematical precision', as long as the figures derive from a plausible interpretation of the record. Id. (citing Cannons, 899 F.2d at 90); see Charles George, 34 F.3d at 1087 (It is appropriate "to factor into the equation any reasonable discounts for litigation risks, time savings, and the like that may be justified.").

As described above, the United States agreed to key terms of the settlement memorialized in the proposed Consent Decree after filing its August 30, 2004 Motion for Clarification, but before the Court's ruling on that Motion, issued November 4, 2004. While that ruling was largely

favorable for the United States, the United States' agreement reflects litigation risks as assessed prior to the ruling, including the risk that such ruling would be unfavorable.

The settlement amount also reflects the risks and costs of appellate litigation. Lombardi had litigated the case through an entire trial and was in a position to appeal virtually every aspect of this Court's pre- and post-trial decisions, on both liability and costs. Therefore, absent a covenant by Lombardi not to appeal this Court's decisions, as is included in the proposed Decree, the United States concluded the likelihood was high that the parties would become embroiled in further protracted and costly litigation before the U.S. Court of Appeals for the First Circuit. Such litigation would divert valuable government resources that might be used more profitably elsewhere to perform cleanup actions, enforce cleanup orders, and recover cleanup costs. In addition, the government is cognizant of the risks and costs inherent in appellate litigation.

Furthermore, even if the United States were to prevail on appeal, it could be difficult to recover on the resulting judgment. Settlement now minimizes the risk that Lombardi will succeed in avoiding payment and helps insure that the Superfund will recover monies useful for cleanups at other sites.

Considering the totality of the circumstances, including litigation and collection risks and costs, the proposed settlement is reasonable and should be approved.

### 3. The Proposed Consent Decree is Consistent with CERCLA

"[T]he broad settlement authority conferred upon the EPA must be exercised with deference to the overarching principles [of CERCLA]: accountability, the desirability of an unsullied environment, and promptness of response activities." Cannons 899 F.2d at 91. "Of necessity, consideration of the extent to which consent decrees are consistent with Congress' discerned intent involves matters implicating fairness and reasonableness. The three broad approval criteria were no meant to be mutually exclusive and cannot be viewed in majestic isolation." Id. at 90.

In this case, the Consent Decree is consistent with the purpose and intent of CERCLA, because it reimburses the Superfund for monies expended in connection with EPA's removal of PCB-contaminated soil from the Site. The Consent Decree holds Lombardi accountable for its responsibility for the contamination at the Site. It provides for the recovery by the Superfund of $650,000 expended in connection with EPA's removal action at the Site, performed at taxpayer expense after Lombardi was requested but declined to perform the cleanup itself. Once returned to the Superfund, the settlement amount will be available immediately for use in cleaning up other sites, pursuant to CERCLA. The Consent Decree resolves the district court matter in its entirety and avoids potentially costly and protracted appellate litigation. Thus, the Consent Decree is consistent with the objectives of CERCLA.

## IV. CONCLUSION

For the foregoing reasons, the proposed Consent Decree is fair, reasonable, consistent with CERCLA and otherwise in the public interest. Therefore, the United States respectfully requests that the Court sign the Consent Decree and direct that it be entered as a final judgment.

Respectfully submitted,

Dated: June 7, 2005

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment & Natural Resources Division

By: ______________________________
DAVID L. WEIGERT
THOMAS J. BOER
DAVID L. GORDON
United States Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-0133
fax (202) 616-2427

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
fax (401) 709-5017

OF COUNSEL:

Peter DeCambre
Senior Enforcement Counsel
USEPA New England
One Congress Street
Suite 1100 (SES)
Boston, MA 02114
(617) 918-1890
cell (617) 669-6993