**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DOMENIC LOMBARDI REALTY, INC.,<br>Defendant. | ) | CIVIL ACTION NO. 98-591 (WES) |

RECEIVED
MAR 01 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## CONSENT DECREE

### I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Robin Hollow Road Superfund Site, in West Greenwich, Kent County, Rhode Island ("Site").

B. On June 7, 2002, the Court issued an order granting partial summary judgment in favor of the United States on the issue of Settling Defendant's *prima facie* liability for response costs incurred by the United States in connection with the Site, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), but setting for trial the question of Settling Defendant's eligibility for the "innocent landowner defense," under Sections 101(35) and 107(b)(3) of CERCLA, 42 U.S.C. §§ 9607(b)(3), 9601(35). *United States v. Domenic Lombardi Realty, Inc.*, 204 F. Supp. 2d 318 (2002). A six-day bench trial was conducted in April and May 2003. On October 17, 2003, the Court issued an Order holding that Settling Defendant was not eligible for the innocent landowner defense. *United States v. Domenic Lombardi Realty, Inc.*, 290 F. Supp. 2d 198 (2003). On August 16, 2004, the Court issued an order holding that the United States is entitled to recover "attorney's fees," together with other response costs, plus prejudgment interest. *United States v. Domenic Lombardi Realty, Inc.*, 334 F. Supp. 2d 105 (2004).

C. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, with the consent of the Parties to this Decree, it is **ORDERED, ADJUDGED, AND DECREED**:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675(c).

b. "Consent Decree" shall mean this Consent Decree.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

i. "Parties" shall mean the United States and Settling Defendant.

j. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the date of lodging of this Consent Decree, plus accrued Interest on all such costs through such date.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendant" shall mean Domenic Lombardi Realty, Inc.

n. "Site" shall mean the Robin Hollow Road Superfund Site, encompassing approximately 31 acres, located at 461 Robin Hollow Road in West Greenwich, Kent County, Rhode Island.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. Payment of Past Response Costs to EPA. In reimbursement of Past Response Costs, Settling Defendant shall pay to the EPA Hazardous Substance Superfund the sum of $650,000.00. Payment shall be made in two installments. The first payment of $400,000.00 shall be due within 30 days after entry of this Consent Decree. The second payment of $250,000.00 shall be due within six (6) months after entry of this Consent Decree. Each payment shall be made by Electronic Funds Transfer ("EFT") to the DOJ account in accordance with current EFT procedures, referencing USA File Number 2004Z00148, EPA New England Region and Site Spill ID Number 011J, and DOJ Case Number 90-11-3-06538. Payments shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Rhode Island following lodging of the Consent

Decree. Any payments received by the DOJ after 4:00 p.m. Eastern Time shall be credited on the next business day.

5. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA's Cost Recovery Specialist and the Chief of DOJ's Environmental Enforcement Section, in accordance with Section XI (Notices and Submissions). Each such notice shall reference the EPA New England Region and Site/Spill Identification Number 011J, DOJ case number 90-11-3-06538, and the civil action number.

6. The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

7. Interest on Late Payments. If any Settling Defendant fails to make any payment under Paragraph 4 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

8. Stipulated Penalty.

a. If any amount due under Paragraph 4 is not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, in addition to the Interest required by Paragraph 7, the following stipulated penalties per violation per day that such payment is late:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500.00 | 1st through 14th day |
| $1000.00 | 15th day and beyond |

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA New England Region and Site Spill ID Number 011J, DOJ Case Number 90-11-3-06538, and the civil action number. Settling Defendant shall send the check (and any accompanying letter) to:

EPA Hazardous Substance Superfund
Attn: Superfund Accounting
New England Region
P.O. Box 360197 M
Pittsburgh, PA 15251

c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XI (Notices and

Submissions). Such notice shall reference the EPA New England Region and Site/Spill ID Number 011J, DOJ Case Number 90-11-3-06538, and the civil action number.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

9. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

10. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

11. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

12. Covenant Not to Sue by United States. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

13. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 12. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments, under Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

14. The United States also reserves its right to create and maintain liens on Defendants' properties, pursuant to 28 U.S.C. § 3201 and Section 107(l) of CERCLA, 42 U.S.C. § 9607(l), unless and until Defendant fully complies with all payment provisions of this Consent Decree, including Section V (Payment of Response Costs) and Section VI (Failure to Comply with Consent Decree). In the event that Defendant fails to fully and timely comply with such payment provisions, the United States may immediately seek to collect the unpaid balance of any amounts owed by Defendant to the United States, pursuant to this Consent Decree, through foreclosure of such liens or any other lawful means.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

15. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Rhode Island, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16. Settling Defendant also covenants not to appeal, or otherwise challenge, any order of this Court in the above-captioned action, including the orders referenced in Paragraph B of Section I (Background) of this Consent Decree.

17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

20. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

21. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. NOTICES AND SUBMISSIONS

22. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

<u>As to the United States</u>:

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-06538)
P.O. Box 7611
Washington, D.C. 20044-7611

<u>As to EPA</u>:

Peter DeCambre
Senior Enforcement Counsel
USEPA New England Region
One Congress Street
Suite 1100 (SES)
Boston, MA 02114-2023

Joan L. Buonopane
Cost Recovery Specialist
USEPA New England Region
One Congress Street
Suite 1100 (HBS)
Boston, MA 02114-2023

<u>As to Settling Defendant</u>:

Richard E. Gardiner, Esq.
10560 Main Street
Suite 404
Fairfax, VA 22030

## XII. RETENTION OF JURISDICTION

23. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIII. INTEGRATION

24. This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

25. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

26. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. SIGNATORIES/SERVICE

27. The undersigned representative of Settling Defendant and the Deputy Chief, Environmental Enforcement Section of the United States Department of Justice each certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

28. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

29. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of Settling Defendant with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVI. FINAL JUDGMENT

30. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED THIS 10 DAY OF June, 2004.**

W/Smith

United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. Domenic Lombardi Realty, Inc., Civil Action No. 98-591, relating to the Robin Hollow Road Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: 1/29/05

CATHERINE MCCABE
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

DAVID L. WEIGERT
DAVID L. GORDON
J. TOM BOER
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
(202) 514-5313
fax (202) 616-2427

ROBERT CLARK CORRENTE
Acting United States Attorney
District of Rhode Island

MICHAEL P. IANNOTTI
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5063
fax (401) 528-5474

ROBERT W. VARNEY
Regional Administrator
U.S. Environmental Protection Agency
New England Region
One Congress Street
Suite 1100 (SES)
Boston, MA 02114-2023

PETER DECAMBRE
Senior Enforcement Counsel
U.S. Environmental Protection Agency
New England Region
One Congress Street
Suite 1100 (SES)
Boston, MA 02114-2023

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Domenic Lombardi Realty, Inc., Civil Action No. 98-591, relating to the Robin Hollow Road Superfund Site.

FOR DEFENDANT DOMENIC LOMBARDI REALTY, INC.

Date: 12-9-04

Name: John Lombardi

Title: President

Address: 88 West Warwick, Ave
West Warwick, RI 02893

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Name: Jean F. Lombardi

Title: Secretary

Address: 88 West Warwick Ave.
West Warwick, RI 02893